UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE)<br>PRODUCTS LIABILITY<br>LITIGATION | MDL NO. 2924<br>20-MD-2924 |
| | JUDGE ROBIN L. ROSENBERG<br>MAGISTRATE JUDGE BRUCE E. REINHART |
| _____ / | |

# FINAL JUDGMENT

**Entry of Final Judgment in Favor of the Generic Defendants**

By Order dated December 31, 2020, this Court dismissed all claims asserted against the Generic Manufacturer and Repackager Defendants in Plaintiffs' Master Personal Injury Complaint ("MPIC") as pre-empted by federal law. [DE 2512]. All claims based on alleged product and labeling defects brought against Generic Manufacturer Defendants were dismissed with prejudice. The Court granted Plaintiffs leave to re-plead claims premised on, *inter alia*, a failure to warn consumers through the FDA, expiration dates, and failures to appropriately package, store, and test ranitidine. *Id.* All claims against Repackager Defendants that relied on absolute liability were also dismissed with prejudice. *Id.* As to the Distributor, Retailer, and Pharmacy Defendants (the "Retailer Defendants"), the Court rejected the Plaintiffs' absolute liability argument and dismissed certain claims with prejudice as pre-empted, but granted Plaintiffs leave to replead claims against them based on alleged negligent storage of ranitidine products. [DE 2513]. Plaintiffs thereafter filed an Amended Master Personal Injury Complaint ("AMPIC") [DE 2759].

By Orders dated June 30, 2021 and July 8, 2021, this Court dismissed with prejudice all claims asserted in the AMPIC against the Generic Manufacturer Defendants as pre-empted by

federal law [DE 3716; 3750].  The Court also dismissed the remaining claim pending against the Retailer Defendants in the AMPIC as implausibly pled, without leave to amend.  [DE 3716].

Thereafter, the Plaintiffs, Generic Manufacturer Defendants, and Retailer Defendants each filed motions requesting entry of Final Judgment pursuant to various Federal Rules of Civil Procedure.  [DE 3863; 3893; 3933; 3934]. The Court has now considered the submissions of the Parties with respect to Entry of Final Judgment, and for the reasons set forth in this Court's November 1, 2021 Order [DE 4595] (the "November Order"), **FINAL JUDGMENT** is hereby entered as follows:

1. Some Plaintiffs have named *only* one or more Generic Manufacturer Defendants in their Short Form Complaints (the "Generic-Only Cases").  As reflected in **Appendix A** attached hereto, a subset of Plaintiffs in Generic-Only Cases have declined to amend their Short Form Complaints and instead have proceeded directly to appeal.  For the reasons set forth in the November Order, this Court finds that entry of final judgment pursuant to Rule 58 is appropriate for all Generic-Only Cases in which a Plaintiff has filed a notice of appeal.  Accordingly, it is now **ORDERED AND ADJUDGED** that Final Judgment pursuant to Rule 58(a) is entered in favor of the Generic Manufacturer Defendants in all cases listed in **Appendix A**.

2. Most Plaintiffs have named Generic Manufacturer Defendants *and* Brand Name Manufacturer or Retailer Defendants in their Short Form Complaints (the "Mixed-Generic Cases").  Additionally, Mixed-Generic cases continue to be filed into the MDL and/or transferred to the MDL.  For the reasons set forth in the November Order, the judgments are properly considered final with respect to the Generic Manufacturer and Retailer Defendants for purposes of entry of final judgment pursuant to Rule 54(b).  *See* November Order at 25-26; *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 779 (11th Cir. 2007) (a judgment that

2

"disposes entirely of a separable claim or dismisses a party entirely" is properly considered "final" for purposes of Rule 54(b)).

The Court further finds that there is no just reason for delaying the entry of final judgment on all Plaintiffs' claims against the Generic Manufacturer and Retailer Defendants in Mixed Generic Cases. As set forth in the November Order, "[a]ll of the parties affected by the Court's federal pre-emption rulings – not just a subset of the Generics – should have the opportunity to argue the propriety of the Court's ruling in a single, binding appellate forum, consistent with the purpose of centralized MDL proceedings." November Order at 30. After balancing judicial administrative interests and relevant equitable concerns, the Court has therefore determined that Rule 54(b) certification would best serve the interests of the parties and the Court by avoiding piecemeal appeals and the potential for inconsistent rulings. It would be inequitable and inefficient to delay appellate resolution of the claims brought by those Plaintiffs in Mixed-Generic Cases (including all such cases pending in the MDL as of the date of this Order and those that may be filed after the date of this Order) until the conclusion of all pretrial proceedings. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165-66 (11th Cir. 1997). Accordingly, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, it is now **ORDERED AND ADJUDGED** that Partial Final Judgment is entered in Mixed-Generic Cases as follows:

    a.    Final Judgment is entered in favor of the Generic Manufacturer and Repackager Defendants identified in **Appendix B** on the following claims in the MPIC:

        Count I: Strict Products Liability – Failure to Warn

        Count II: Strict Products Liability – Design Defect

        Count III: Strict Products Liability – Manufacturing Defect

        Count IV: Negligence – Failure to Warn

    Count V: Negligent Product Design

    Count VI: Negligent Manufacturing

    Count VII: General Negligence

    Count VIII: Negligent Misrepresentation

    Count IX: Breach of Express Warranties

    Count X: Breach of Implied Warranties

    Count XI: Violation of Cons. Protection and Deceptive Trade Practices Laws

    Count XII: Unjust Enrichment

    Count XIII: Loss of Consortium

    Count XIV: Survival Actions

    Count XV: Wrongful Death.

 b. Final Judgment is entered in favor of the Generic Manufacturer Defendants identified in **Appendix B** on the following claims in the AMPIC:

    Count III: Strict Products Liability – Failure to Warn Through Proper Expiration Dates

    Count IV: Negligence – Failure to Warn Through Proper Expiration Dates

    Count V: Failure to Warn Through the FDA

    Count VII: Strict Products Liability – Design Defect Due to Improper Expiration Dates

    Count VIII: Negligent Failure to Test

    Count IX: Negligent Product Containers

    Count X: Negligent Storage Outside of Labeled Range

    Count XI: Negligent Storage and Transportation.

    Count XIV: Unjust Enrichment

     Count XV: Loss of Consortium

     Count XVI: Survival Actions

     Count XVII: Wrongful Death

  3. Judgment shall be effective as of the date of this order for all for Mixed-Generic cases currently pending in the MDL which (i) incorporate any of the claims from the MPIC against the Generic Manufacturer and/or Repackager Defendants; or (ii) incorporate any of the claims from the AMPIC against the Generic Manufacturer Defendants.  For Mixed-Generic cases filed after the date of this Order but which incorporate claims from the MPIC (against Generic Manufacturer or Repackager Defendants) or AMPIC (against Generic Manufacturer Defendants), judgment shall be effective as of the date that an individual Plaintiff files such a Short Form Complaint.

  4. The Clerk of the Court shall docket a copy of this judgment on the MDL docket and in each of the cases identified in **Appendix A**.

 **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of November, 2021.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

5

# APPENDIX A

*Generic-Only Cases in Which a Notice of Appeal was Filed*

|     | **Plaintiff** | **Case No.** |
| --- | --- | --- |
| 1.  | Bodey, Joshua | 9:21-cv-81169 |
| 2.  | Burnett, Arnold W. | 9:21-cv-80486 |
| 3.  | Colbert, Ruth | 9:21-cv-80683 |
| 4.  | Comerford, Loraine L. & Robert | 9:21-cv-80978 |
| 5.  | Darocha, La Tonya (Bess, Estate of Beatrice) | 9:21-cv-81034 |
| 6.  | Doby, Gloria | 9:21-cv-80738 |
| 7.  | Ford, Peggy (McGill, Estate of Violene) | 9:20-cv-82446 |
| 8.  | Hoback, Jason | 9:21-cv-81114 |
| 9.  | Johnson, Jeffrey | 9:21-cv-81041 |
| 10. | McLeod, Hope | 9:21-cv-80835 |
| 11. | Mullins, Garrett | 9:21-cv-80017 |
| 12. | O'Driscoll, Patricia (Estate of Neil) | 9:21-cv-80167 |
| 13. | Osorio, Nester (Estate of Mary) | 9:21-cv-80898 |
| 14. | Reyna, Nicolas & Jay, Jeanette | 9:21-cv-80471 |
| 15. | Smart, Daniel & Catherine | 9:20-cv-82427 |
| 16. | Taylor, Alva | 9:21-cv-81063 |
| 17. | Wessman, Henry | 9:21-cv-80888 |
| 18. | Wishop, Raymond | 9:21-cv-80684 |

# APPENDIX B

| |
|---|
| ACIC Pharmaceuticals Inc. (incorrectly identified in the Master Personal Injury Complaint as ACIC Pharmaceuticals, Inc.) |
| Actavis Mid Atlantic LLC |
| Ajanta Pharma Ltd. |
| Ajanta Pharma USA Inc |
| Amerisource Health Services, LLC d/b/a American Health Packaging* |
| Amneal Pharmaceuticals LLC |
| Amneal Pharmaceuticals of New York, LLC |
| Amneal Pharmaceuticals, Inc. |
| ANDA Repository, LLC |
| ANI Pharmaceuticals Inc. |
| Apotex Corp. |
| Apotex Corporation |
| Apotex Inc. |
| Appco Pharma LLC |
| Auro Health LLC |
| Aurobindo Pharma USA, Inc. |
| Aurobindo Pharma, Ltd. |
| Breckenridge Pharmaceuticals Inc. |
| Cadila Healthcare Ltd. |
| Contract Pharmacal Corp. |
| Denton Pharma Inc. d/b/a Northwind Pharmaceuticals* |
| Dr. Reddy's Laboratories |
| Dr. Reddy's Laboratories, Inc. |
| Dr. Reddy's Laboratories, Ltd. |
| Dr. Reddy's Laboratories Limited |
| Dr. Reddy's Laboratories SA |
| Dr. Reddy's Laboratories, LLC |
| Emcure Pharmaceuticals Limited |
| Geri-Care Pharmaceuticals, Corp.* |
| Glenmark Generics Inc., USA |
| Glenmark Generics Ltd. |
| Glenmark Pharmaceuticals Inc., USA |
| Glenmark Pharmaceuticals Ltd. |
| Golden State Medical Supply, Inc.* |
| Granules India Ltd. |

| |
|---|
| Granules USA, Inc |
| Heritage Pharmaceuticals, Inc. |
| Heritage Pharma Labs Inc. |
| Hikma Pharmaceuticals USA, Inc. f/k/a West-Ward Pharmaceuticals Corp. |
| Hikma Pharmaceuticals International, Ltd. f/k/a West-Ward Pharmaceuticals International, Ltd |
| Hikma Pharmaceutical International Ltd. |
| Hikma Pharmaceuticals USA, Inc. |
| Hi-Tech Pharmacal Co., Inc |
| Ivax Pharmaceuticals, LLC f/k/a Ivax Pharmaceuticals, Inc. |
| J B Chemicals and Pharmaceuticals Ltd. |
| L. Perrigo Co. |
| Lannett Company, Inc.[1] |
| Methapharm, Inc. |
| Mylan Institutional LLC |
| Mylan Laboratories Ltd. |
| Mylan Pharmaceuticals Inc. |
| Mylan Inc. |
| Nostrum Laboratories Inc. |
| Novitium Pharma LLC |
| PAI Holdings, LLC f/k/a Pharmaceutical Associates, Inc. |
| Pharmaceutical Associates, Inc. |
| Par Pharmaceutical, Inc. |
| Perrigo Company |
| Perrigo Company, plc |
| Perrigo Research & Development Company |
| Precision Dose Inc. |
| Ranbaxy Inc. |
| Sandoz Inc. |
| Strides Pharma, Inc. |
| Strides Pharma Global Pte. Ltd. |
| Strides Pharma Science Ltd. |
| Strides Arcolab International, LTD |
| Sun Pharmaceutical Industries, Inc., f/k/a Ranbaxy Pharmaceuticals Inc. |

---

[1] The Court's entry of judgment applies to incorrect variations of the entity names listed in this Appendix including, but not limited to, Lannett Company, Lannett Co. Inc., and Lannett Co., Inc.

| |
|---|
| Sun Pharmaceutical Industries Ltd. |
| Taro Pharmaceuticals Industries Ltd. |
| Taro Pharmaceuticals U.S.A., Inc. |
| Teva Pharmaceuticals USA, Inc. |
| Teva Pharmaceuticals Industries Ltd. |
| Torrent Pharma Inc. |
| Unique Pharmaceutical Laboratories Ltd. |
| VKT Pharma Inc. |
| VKT Pharma Private Ltd. |
| Watson Laboratories, Inc. |
| Wockhardt Ltd. |
| Wockhardt USA LLC, formerly known as Wockhardt USA, Inc. |
| Zydus Pharmaceuticals (USA) Inc. |

*Repackager Defendants are marked with an asterisk*