No. 23-10640-J

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

BRADLEY SANDERS, ET AL.

*Plaintiffs-Appellants*

v.

AJANTA PHARMA USA, INC., ET AL.

*Defendants-Appellees*

On Appeal from the United States District Court
for the Southern District of Florida

### RESPONSE TO THE COURT'S ORDER

Ashley Keller
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
Tel: (312) 741-5222

Noah Heinz
KELLER POSTMAN LLC
1100 Vermont Ave., N.W., Fl. 12
Washington, DC 20005
Tel: (202) 918-1841

April 4, 2023                    *Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for Plaintiffs-Appellants hereby certifies that the previously filed Certificate remains correct.

Dated: April 4, 2023                     /s/ *Ashley Keller*
                                          Ashley Keller
                                          *Counsel for Plaintiffs-Appellants*

C-1 of 1

## RESPONSE TO THE COURT'S ORDER

The Court asked the parties to brief whether every plaintiff and defendant must appear on the docket for this appeal, and how it should address the Par Pharmaceuticals bankruptcy, given that it is named in one of the Rule 54(b) judgments on appeal.

On the first question, Plaintiffs' position is "no," every plaintiff and defendant need not appear on the docket.

On the second question, Plaintiffs submit that the automatic stay only affects Par, not any of its codefendants, *see Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003), and so Par's bankruptcy is no obstacle to setting a briefing schedule as to every other Appellee.

To make things even simpler, Plaintiffs—with Par's consent—have moved to dismiss Par from every appeal in which it was named in the complaint. *See* Dkt. 68. Once this Court dismisses Par from the appeal, the automatic stay will be entirely inoperative. Par was named in the underlying complaint for only a handful of cases, and in every case so far examined, Par was named inadvertently.

However, given the large number of cases that continue to be filed and appealed, Plaintiffs anticipate filing additional motions to dismiss Par from other cases in which they are later identified as a party. These cases continue to be filed due to the end of a tolling agreement, and the district court's choice to enter judgment

that applies to newly filed cases. Some background may assist the Court in understanding these appeals.

These appeals and the appeals docketed as *Chandler v. Glenmark Pharmaceuticals, Inc. USA*, No. 21-12618 (11th Cir. 2021) and at *Abdoo v. Glenmark Pharmaceuticals, Inc. USA*, No. 21-14325 (11th Cir. 2021) largely present the same issues. In those cases, "motions to consolidate [we]re HELD IN ABEYANCE" since March, 2022, pending this Court's resolution of motions to dismiss directed to some—but not all—appeals. *Chandler*, Dkt. 257; *Abdoo*, Dkt. 108 (same). They remain held in abeyance. Appellants in *Sanders* welcome the Court to apply its ultimate order on consolidation to these appeals as well, with any modifications it deems fit to ensure the appeals proceed in an orderly fashion. The difference between the *Sanders* appeals and the *Abdoo*/*Chandler* appeals lies in when a notice of appeal was filed.

The *Sanders* appeals arise from two Rule 54(b) judgments. After dismissing every claim against every Generic Manufacturer Defendant (collectively, "Generics"), Distributor Defendant, and Retailer Defendant, in November 2021, the district court entered two Rule 54(b) judgments. The first was in favor of the Generics on *all* claims. D.E. 4664. The second was in favor of the Distributors and Retailers on all claims *except* negligent storage and handling (because someone,

2

someday, might wish to bring an individualized negligence claim). D.E. 4665; *see also* D.E. 4595 at 35 (explaining these judgments).

Many plaintiffs appealed, all of which are in either the *Abdoo* or *Chandler* appeals (for which there is a pending motion to consolidate). In the meantime, *different plaintiffs* and the Brand Defendants litigated whether five specific cancers are in fact caused by Zantac. After extensive post-Rule-12 discovery that Retailers, Distributors, and Generics did not participate in, both sides presented more than a dozen experts, each of which produced multiple reports and sat for many hours of depositions. Following a court-imposed briefing schedule, Brand Defendants alone filed *Daubert* and summary judgment motions on June 13, 2022. *E.g.*, D.E. 5697 (summary judgment). The district court ultimately excluded plaintiffs' expert witnesses and granted summary judgment to the Brands. D.E. 6120.[1]

The *Daubert* ruling triggered the end of a tolling agreement. With tolling ending imminently, thousands of plaintiffs filed suit. But, notwithstanding considerable due process problems Plaintiffs' Leadership had noted with this approach—the district court's 2021 Rule 54(b) judgments went into effect for *newly filed* cases immediately:

---

[1] Those plaintiffs plan to appeal the district court's orders granting the Brand Defendants' *Daubert* challenge and entering summary judgment. But this has not yet happened because the district court has delayed entry of final judgment. *See* D.E. 6303.

3

> For Mixed-Generic cases filed after the date of this Order but which incorporate claims from the MPIC (against Generic Manufacturer or Repackager Defendants) or AMPIC (against Generic Manufacturer Defendants), *judgment shall be effective as of the date that an individual Plaintiff files such a Short Form Complaint*.

D.E. 4664 at 5 (emphasis added). The Rule 54(b) judgment in favor of the Distributors and Retailers was not as clear, but Plaintiffs reasonably presumed the district court intended the same result and were forced to be conservative in filing a notice of appeal since failing to do so would erect a jurisdictional bar.

The Rule 54(b) judgments set up a ticking time bomb, forcing many thousands of plaintiffs to file their case and then immediately appeal as to Generics, Distributors, or Retailers (but not as to Brands, since judgment has not yet been entered in their favor for administrative reasons). These cases will continue to be filed and to be appealed for additional weeks or months.

Should any new case name Par, Plaintiffs plan to file a new motion to dismiss Par from the newly filed appeal so that the automatic stay does not apply.

4

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionately spaced typeface using Times New Roman 14-point font.

Dated: April 4, 2023                    /s/ *Ashley Keller*
                                         Ashley Keller
                                         *Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

On April 4, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

Dated: April 4, 2023

/s/ *Ashley Keller*
Ashley Keller
*Counsel for Plaintiffs-Appellants*
